**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Ann Wilson,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Deborah A. Patterson,<br><br>　　　　　Defendant. | No. CV-16-08288-PCT-SPL<br><br>**ORDER** |

Plaintiff Kelly Wilson (the "Plaintiff") filed suit against her stepmother Deborah Patterson (the "Defendant") seeking a declaratory judgment regarding the validity of a trust agreement. (Doc. 58) The Defendant moved for summary judgement on each of the Plaintiff's claims against her (the "Motion"). (Doc. 75) The Motion was fully briefed on May 14, 2018. (Docs. 87, 88) The Court's ruling is as follows.

**I.　Background**

On October 8, 2006, Robert Patterson ("Decedent Patterson") and the Defendant met with an attorney and a financial advisor to execute the documents necessary to create an estate planning trust (the "Patterson Trust"). (Doc. 76 at 4) The Patterson Trust consisted of six warranty deeds representing eleven properties that were owned by Decedent Patterson and the Defendant as joint tenants with rights of survivorship. (Doc. 76 at 5) The terms of the Patterson Trust provided that in the event that either Decedent Patterson or the Defendant died, the surviving spouse would serve as sole trustee of the

Patterson Trust, and the terms of the Patterson Trust provided the surviving spouse with the ability to modify, amend or revoke the Patterson Trust. (Doc. 58 at 21) Decedent Patterson's daughter, the Plaintiff, was listed as the "First Successor Trustee" under the Patterson Trust. (Doc. 58 at 18) Under the terms of the Patterson Trust, the Plaintiff was intended to serve as trustee upon the deaths of both Decedent Patterson and the Defendant. (Doc. 58 at 18)

On July 20, 2016, Decedent Patterson died. (Doc. 76 at 9) The Defendant, as the surviving spouse and sole trustee, revoked the Patterson Trust on August 20, 2016. (Doc. 76 at 9) The Defendant then transferred the assets present in the former Patterson Trust to the newly created Deborah A. Patterson Trust, naming her own issue as contingent beneficiaries. (Doc. 76 at 10) The Plaintiff initiated this action on December 5, 2016, alleging causes of action for breach of fiduciary duty and reformation of the trust, among other relief. (Doc. 76 at 10)

## II. Legal Standard

A court shall grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the movant is able to do such, the burden then shifts to the non-movant who, "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead must "come forward with 'specific facts showing that there

is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

**III.   Analysis**

The Defendant moves for summary judgment on each of the Plaintiff's claims. The Court finds that there is no genuine dispute as to the material facts of this lawsuit and addresses each claim in turn.

**A.   <u>Declaratory Judgment</u>**

The Plaintiff seeks a declaratory judgment from the Court deciding whether the Patterson Trust was revoked and whether the Plaintiff has any rights under the Patterson Trust. (Doc. 58 at 6)  The Defendant argues that she should be granted summary judgment on the Plaintiff's declaratory judgment claim because the Plaintiff does not have a definite interest in the Patterson Trust sufficient to create a justiciable controversy. (Doc. 75 at 16) Specifically, the Defendant argues that the Plaintiff's lawsuit triggered the "no-contest" provision of the Patterson Trust, effectively invalidating the Plaintiff's interest as a contingent beneficiary under the trust. (Doc. 75 at 16)

The first issue before the Court is whether the Plaintiff's challenge to the Patterson Trust eliminated her interest as a contingent beneficiary of the trust.  Prior to bringing any claims against the Defendant, the Plaintiff was listed as the "First Successor Trustee" under the terms of the Patterson Trust, and, on this basis, brought the present claims challenging the terms of the Patterson Trust. (Doc. 58 at 18)  The Defendant cites the "no-contest" provision of the Patterson Trust, which states, " [i]f any beneficiary under this trust, singly or in conjunction with any other person, whether directly or indirectly: (1) contests or in any manner attacks or seeks to impair or invalidate any of the provisions of this trust, . . . then, in that event, all distributions given under this trust to that person shall be forfeited as though he or she failed to survive Robert J. Patterson and Deborah A. Patterson." (Doc. 58 at 33)

Under Arizona law, no-contest provisions are generally enforceable; however, a court may decline to enforce a no-contest clause where the challenges to the trust were

brought with probable cause. *In re Shaheen Tr.*, 341 P.3d 1169, 1172 (Ct. App. 2015). Probable cause means "the existence, at the time of the initiation of the proceeding, of evidence which would lead a reasonable person, properly informed and advised, to conclude that there is a substantial likelihood that the contest or attack will be successful." *Matter of Ralph Credille Revocable Tr. Dated Aug. 22, 2014*, 2018 WL 4688410, at 3 (Ariz. Ct. App. Sept. 27, 2018).

The Court finds that the Plaintiff's claims against the Defendant for breach of fiduciary duty and reformation of the terms of the trust were not brought with probable cause; therefore, the no-contest provision is triggered, and the Plaintiff cannot recover on her declaratory judgement claim. In bringing a claim against the Defendant for breach of fiduciary duty, the Court finds that the Plaintiff ignored the plain terms of the Patterson Trust agreement which designate the Defendant as the sole trustee of the Patterson Trust in the event of the death of Decedent Patterson. (Doc. 58 at 18) Furthermore, under the terms of the Patterson Trust, the Defendant was fully within her rights to revoke the trust. Second, the Court finds that the Plaintiff has failed to produce clear and convincing evidence that any part of the Patterson Trust formation documents was impacted by mistake of fact or law. This is due to the Plaintiff's failure to produce evidence that overcomes the overwhelming weight of the evidence against her claims, including the plain terms of the Patterson Trust and the testimony of multiple defense witnesses. Therefore, the Court finds that it was unreasonable for a properly informed and advised party such as the Plaintiff to bring claims for breach of fiduciary duty and reformation of the trust under the present circumstances. Accordingly, the Defendant shall be granted summary judgment on the Plaintiff's claim for a declaratory judgment.

**B. Breach of Fiduciary Duty**

The Plaintiff asserts a claim for breach of fiduciary duty, arguing that the Defendant, as trustee and surviving settlor of the Patterson Trust, violated the fiduciary duty owed to the Plaintiff, as contingent beneficiary of the trust, pursuant to A.R.S. § 14-10801 (requiring that a trustee administer a trust in good faith in accordance with trust terms and

in the interests of the beneficiaries), A.R.S. § 14-10802 (stating that a trustee shall administer a trust solely in the interest of the beneficiaries), A.R.S. § 14-10803 (stating that if a trust has multiple beneficiaries, then the trustee must act impartially in distributing trust property), A.R.S. § 14-10804 (stating that a trustee shall administer a trust prudently, exercising reasonable care and skill), and A.R.S. § 14-10813 (stating that the trustee should keep beneficiaries informed about the administration of the trust). (Doc. 58 at 7–8) The Plaintiff argues that the Defendant also breached a fiduciary duty to Decedent Patterson by changing the terms of the Patterson Trust after his death. (Doc. 58 at 9) The Defendant seeks summary judgment on this claim, arguing that she never owed a duty to the Plaintiff because the terms of the Patterson Trust provided the surviving spouse with the authority to revoke the trust. (Doc. 75 at 9)

In order for the Plaintiff to be successful on her claim for breach of fiduciary duty, the Court must find that the Defendant owed a fiduciary duty to the Plaintiff under the terms of the Patterson Trust. It is undisputed that both the Defendant and Decedent Patterson were settlors under the Patterson Trust. (Doc. 75 at 3–4; Doc. 87 at 9) It is also undisputed that the plain terms of the Patterson Trust designate the Defendant as the sole trustee in the event of Decedent Patterson's death. (Doc. 58 at 18, stating "[i]f either Robert J. Patterson or Deborah A. Patterson for any reason ceases to act as co-trustee, the remaining co-trustee shall act as sole trustee.") It is also clear from the terms of the Patterson Trust that the Plaintiff's rights as a "First Successor Trustee" are only triggered "[i]f both Robert J. Patterson and Deborah A. Patterson cease to act as trustees." (Doc. 58 at 18) Therefore, it is clear to the Court that the Plaintiff's rights as a beneficiary under the trust are only triggered after the deaths of both Decedent Patterson and the Defendant.

The Plaintiff argues that the Defendant breached her fiduciary duties to the Plaintiff and Decedent Patterson by revoking the Patterson Trust after Decedent Patterson's death. However, the plain terms of the Patterson Trust gave the Defendant the authority to do so. The terms of the Patterson Trust clearly state that, "[a]fter the death of Robert J. Patterson or Deborah A. Patterson, the survivor of them may amend, revoke, or terminate in whole

or in part the residue of the trust estate." (Doc. 58 at 21) The Plaintiff's conjecture regarding the Defendant's concealment is insufficient to overcome the fact that the Defendant was the sole trustee and remaining settlor upon the death of Decedent Patterson. And, at the time that the Defendant revoked the Patterson Trust, the Plaintiff's rights as a successor trustee had not yet vested. Accordingly, the Court must find that the Defendant is entitled to summary judgment on the Plaintiff's claim for breach of fiduciary duty because the Defendant did not owe a duty to the Plaintiff under the terms of the Patterson Trust at the time the Defendant revoked the trust.

C. **Reformation of Terms of the Trust**

Finally, the Plaintiff asserts a claim seeking to reform the terms of the Patterson Trust pursuant to A.R.S. §14-10415 based on mistake of fact or law, alleging that the trust should have been irrevocable upon Decedent Patterson's death and that the Defendant should not be able to remove the Plaintiff as a beneficiary of the trust, among other relief. (Doc. 58 at 11) Under Arizona law, a court may reform the terms of a trust, even if unambiguous, to conform the terms to the settlor's intention if it is proved by clear and convincing evidence that both the settlor's intent and the terms of the trust were affected by a mistake of fact or law, whether in expression or inducement. Ariz. Rev. Stat. Ann. § 14-10415. The Defendant seeks summary judgment on this claim, arguing that the Plaintiff has failed to provide clear and convincing evidence that the terms of the Patterson Trust should be reformed.

First, the terms of the Patterson Trust clearly state that, "[a]fter the death of Robert J. Patterson or Deborah A. Patterson, the survivor of them may amend, revoke, or terminate in whole or in part the residue of the trust estate." (Doc. 58 at 21) In order to circumvent the clear terms of the Patterson Trust, the Plaintiff argues that these terms were included by mistake because Decedent Patterson never intended for the trust to be revocable. The Plaintiff provides affidavits from herself and her spouse, which are intended to persuade the Court that Decedent Patterson intended for the Patterson Trust to be irrevocable upon his death. The Plaintiff also relies on her own statement of facts (Doc. 86) and conjecture

in response to the Motion, painting a picture of the Defendant manipulatively concealing her intentions to reform the trust while Decedent Patterson was still alive. (Doc. 87 at 16)

The Court finds that the Plaintiff has not provided clear and convincing evidence to demonstrate that the terms of the Patterson Trust providing the Defendant with the authority to revoke the trust were included by mistake of fact or law. The Court finds that the plain terms of the Patterson Trust agreement, along with overwhelming evidence in the form of testimony from the Defendant, the attorney and financial planner present at the execution of the Patterson Trust documents, and the additional testimony of other disinterested parties, heavily weighs against the Plaintiff's supporting affidavits. The Court finds the Plaintiff's uncorroborated testimony fails to rise to the level of clear and convincing evidence, and, therefore, the Defendant must be granted summary judgment on the Plaintiff's claim to reform the terms of the Patterson Trust.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 75) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action and enter judgment accordingly.

Dated this 28th day of February, 2019.

Honorable Steven P. Logan
United States District Judge